ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2008 SEP 26 P 12: 48

AUGUSTA DIVISION

CLERK [signature]
SO. DIST. OF GA.

| | | |
|---|---|---|
| CHARLES MACKEY, ARNOLD FLOYD, and DAVID DOWLING, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CV 108-129 |
| VICTOR WALKER, Warden, and FNU MCFADDEN, | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 16, 2008, Plaintiffs, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, submitted a "Motion for a Temporary Restraining Order and Preliminary Injunction" and a memorandum in support of their motion to the Clerk of the Court, which resulted in the opening of the above-captioned case. In their Motion, Plaintiffs contend that they have been denied access to the courts because of the failure of prison officials to provide a notary public service at all times. (Doc. no. 1, pp. 2-3). They request that the Court issue a temporary restraining order and a preliminary injunction ordering Defendants to cease interfering with their access to the courts and provide the requested notary public service. (Id.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this civil action be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

# I. DISCUSSION

According to Loc. R. 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). Therefore, because Plaintiffs have submitted no complaint, filing fee, or motion to proceed IFP, Plaintiffs have commenced this action improperly.

Furthermore, the Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Court noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his

2

> own form complaint and petition to proceed IFP. The court then dismissed
> the original multi-plaintiff complaint without prejudice.

Id. Ultimately, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id.

The procedural posture here is only slightly different from that in Hubbard, in that Plaintiffs have filed a motion for a preliminary injunction, instead of a complaint, seeking to proceed together as Plaintiffs in this action, but not one of them has submitted the filing fee or a motion to proceed IFP. As noted above, Local Rule 4.1 requires that a complaint and either the appropriate filing fee or motion to proceed IFP be submitted in order to open a civil action. As Plaintiffs have not submitted a complaint, there is nothing properly before the Court, and there is no basis for pro-actively opening additional cases in the name of each Plaintiff as the court did in Hubbard, supra. Even if Plaintiffs had submitted a complaint instead of a motion for a preliminary injunction, there would still be no complaint properly before the Court because Plaintiffs have not submitted separate filing fees or motions to proceed IFP.

Furthermore, allowing Plaintiffs to proceed together and bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). Thus, if Plaintiffs were allowed to proceed together and proceed IFP, this would defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP],

the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1). In sum, any attempt by Plaintiffs to proceed in this action together violates the requirements of the PLRA.

Finally, neither Mackey, Floyd, nor Dowling signed the "Motion for a Temporary Restraining Order and Preliminary Injunction. All pleadings and motions presented for filing must be signed. Loc. R. 11.1 Furthermore, in addition to lacking their signatures, the motion for preliminary injunction also contains *no* facts concerning Dowling. In short, there is no indication that Dowling is a proper party to this litigation, or that he even desires to participate in this case.

## II. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that this civil action be **DISMISSED** without prejudice, and that this civil action be **CLOSED**. If any of the named Plaintiffs wish to proceed with the claims raised in the motion for injunctive relief in this case, they should file their own complaint and either individually file a motion to proceed IFP or individually pay the $350.00 filing fee.

SO REPORTED and RECOMMENDED this 26th day of September, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE